IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIZABETH CORNEL,<br><br>   Plaintiff,<br><br> vs.<br><br>STATE OF HAWAII; HAWAII PAROLING AUTHORITY; DEXTER KAUAHI, BADGE NO. 1199,<br><br>   Defendants. | Civ. No. 19-00236 JMS-RT<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT DEXTER KAUAHI'S SECOND MOTION TO DISMISS |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT DEXTER KAUAHI'S SECOND MOTION TO DISMISS

## I. INTRODUCTION

Pending before the court is Defendant Dexter Kauahi's ("Defendant" or "Kauahi") Second Motion to Dismiss, ECF No. 39,[1] seeking to dismiss the Second Amended Complaint ("SAC") brought by Plaintiff Elizabeth Cornel ("Plaintiff" or "Cornel") against Kauahi and co-Defendants State of Hawaii ("State") and the Hawaii Paroling Authority ("HPA"). To be clear, the Motion to

---

[1] Although the motion is entitled the "Second" Motion to Dismiss, Kauahi withdrew his first motion to dismiss without prejudice. *See* ECF No. 34. This Order is the first opportunity the court has had to review the SAC's allegations.

Dismiss only concerns claims against Kauahi; neither the State nor the HPA has filed a motion.  The court has reviewed the Motion to Dismiss, Opposition, Reply, and supplemental memoranda requested by the court, and decides the matter under Local Rule 7.1(c) without a hearing.  Based on the following, the Motion to Dismiss is GRANTED in part and DENIED in part.

## II. <u>BACKGROUND</u>

### A.    Factual Background

"At the motion-to-dismiss stage, [courts] take all well-pleaded factual allegations in the complaint as true, construing them 'in the light most favorable to the nonmoving party,' and then determine[s] 'whether they plausibly give rise to an entitlement to relief.'"  *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018) (quoting *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1003 (9th Cir. 2008) and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Applying that standard, the SAC alleges that Kauahi (a sheriff employed by the State of Hawaii, Department of Public Safety) arrested Cornel (who was released from prison, but had been on parole under authority of the HPA) on February 2, 2018, by serving "a stale and/or invalid warrant, nearly seven years old."  SAC ¶ 15, ECF No. 17 at PageID #159.  "[A]s such[,] Dexter Kauahi lacked probable cause and/or made an unlawful arrest based on an invalid warrant

2

on its face." *Id.*  The SAC explains the circumstances of the arrest and the context

for that arrest warrant—and understanding those details is critical in assessing the

parties' arguments as to whether the SAC states valid claims.  The court sets forth

key portions of that background in a timeline fashion:[2]

| | |
|---|---|
| Aug. 12, 2005 | Cornel sentenced in state court to 10 years incarceration. The HPA sets her minimum term at 2 years and 6 months.  SAC ¶ 8, ECF No. 17 at PageID #158. |
| Oct. 18, 2007 | Cornel released on parole.  *Id.* ¶ 9, ECF No. 17 at PageID #158.  The court infers from the SAC that her parole was set to end on March 15, 2015.  *See, e.g.*, *id.* ¶ 27, ECF No. 17 at PageID #161 ("[T]he expiration of Ms. Cornel's maximum term . . . was restored to March 15, 2015, and Ms. Cornel was therefore immediately discharged from further parole supervision [in June 2018].").  |
| May 23, 2011 | The HPA issues an arrest warrant for Cornel (the "re-take warrant"), directing a sheriff to arrest her for violating parole by "fail[ing] to keep her Parole Officer informed of her whereabouts when she failed to notify of her change of address . . . ."  ECF No. 52-2 at PageID #295.[3] |
| | Among other things, the re-take warrant states on its face:  "Maximum Parole Term: March 15, 2015," *id.*, and |

---

[2] Other salient allegations are set forth in appropriate discussion sections to follow. Again, the court focuses on allegations against Kauahi regarding the re-take warrant.

[3] The court previously incorporated the re-take warrant as part of the SAC because the SAC "refers extensively to the document or the document forms the basis of the plaintiff's claim."  *See* ECF No. 51 at PageID #283 (quoting *Khoja v. Orexigen Therapeutics, Inc.* 899 F.3d 988, 1002 (9th Cir. 2018)).

commands the sheriff to "make due return of your proceeding upon this writ." *Id.*

The SAC contains seemingly contradictory allegations regarding Cornel's parole violation. On one hand, it alleges that "[a]t the time HPA requested and obtained the Arrest Warrant[,] HPA had no authority to execute the Arrest Warrant as Ms. Cornel had already been discharged by the HPA." SAC ¶ 12, ECF No. 17 at PageID #159. But the SAC also alleges that "HPA determined Ms. Cornel violated the terms and conditions of her parole by failing to inform her parole officer of her change of address." *Id.* ¶ 23, ECF No. 17 at PageID #160. And the earliest she could have been discharged from parole was March 15, 2015. ECF No. 52-2 at PageID #295.

| | |
|---|---|
| Sept. 29, 2011 | "Cornel's parole was retroactively suspended effective March 8, 2011." SAC ¶ 10, ECF No. 17 at PageID #159. |
| Feb. 2, 2018 | Almost seven years after it was issued, Kauahi serves the re-take warrant on Cornel and arrests her. *Id.* ¶ 13, ECF No. 17 at PageID #159; ECF No. 52-2 at PageID #295. Cornel was re-incarcerated from February 2, 2018 until April 19, 2018. *Id.* ¶ 22, ECF No. 17 at PageID #160. |
| April 19, 2018 | A hearing was held on a motion by Cornel to dismiss the parole violation proceeding. *Id.* ¶¶ 24, 29, ECF No. 17 at PageID #160-61. Cornel was released from custody, and presumably was returned to parole. *Id.* ¶ 28, ECF No. 17 at PageID #161. |
| June 28, 2018 | "HPA sent Ms. Cornel notice that the HPA Board needed to further review its previous decision of September 29, 2011 that suspended her parole effective March 8, 2011." *Id.* ¶ 26, ECF No. 17 at PageID #161. "[A]fter completing its review, the Board decided to rescind the previous decision to suspend her parole[.]" *Id.* |

4

> "As a result of the Board's decision, the expiration of Ms. Cornel's maximum term . . . was restored to March 15, 2015, and Ms. Cornel was therefore immediately discharged from further parole supervision." *Id.* ¶ 27, ECF No. 17 at PageID #161.

**B.     Procedural Background**

Plaintiff filed suit on October 25, 2018 in the First Circuit Court of the State of Hawaii.  ECF No. 1 at PageID #2.  Defendants removed the action to federal court on May 7, 2019, after a First Amended Complaint, ECF No. 1-1, added federal claims under 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff filed the SAC on August 28, 2019; the SAC simply corrected the name of the sheriff who served the re-take warrant by substituting Kauahi for a different name.  *See* ECF Nos. 13, 17.

The SAC is not a model of clarity.  In an overlapping manner, the SAC alleges five counts: (1) false arrest/false imprisonment; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; (4) gross negligence; and (5) "Unlawful seizure and Detention."  ECF No. 17 at PageID #162-67.  Counts one, two, and three appear to be directed only at the HPA—they speak in terms of "HPA" and do not mention Kauahi at all.  *See, e.g.*, SAC ¶ 33, ECF No. 17 at PageID #162 ("*HPA* unduly delayed in executing the Arrest Warrant[.]") (emphasis added).  Counts four and five, however, are

5

specifically directed at "defendants," and also sometimes specifically mention

Kauahi. *See, e.g.*, *id.* ¶ 75, ECF No. 17 at PageID #168 ("As a direct and

foreseeable result of said acts and omissions of the defendants[,] the plaintiff was

illegally arrested and held in custody[.]"); *id.* ¶ 77 ("Defendant [S]tate of Hawaii,

Hawaii Paroling Authority, [and] Dexter Kauahi . . . are directly liable and

responsible for the unlawful arrest and seizure . . . of the plaintiff[.]").  Moreover,

count five appears to include both state law claims for false arrest, *and* federal

claims under 42 U.S.C. § 1983 for unlawful seizure and denial of due process

under the Fourth and Fourteenth Amendments of the U.S. Constitution.  *See id.*

¶¶ 80-81, ECF No. 17 at PageID #169-170.[4]

Accordingly, the court construes the SAC as making claims against

Kauahi for (1) false arrest/imprisonment, (2) gross negligence, and

(3) constitutional violations under 42 U.S.C. § 1983—as does Kauahi in his

Motion to Dismiss.  *See* ECF No. 39-1 at PageID #226 (arguing that the SAC's

allegations "do[] not constitute false imprisonment, gross negligence, or an illegal

seizure").

---

[4] The SAC also mentions "cruel and unusual punishment of the plaintiff," SAC ¶ 77, ECF
No. 17 at PageID #168, although the parties do not discuss whether this phrase is meant to be an
Eighth Amendment claim.  If necessary, the parties can address at a later time whether the SAC
asserts such a claim.

Kauahi filed his Motion to Dismiss on January 16, 2020, ECF No. 39; Cornel filed an Opposition on March 27, 2020, ECF No. 47; and Kauahi filed a Reply on April 6, 2020, ECF No. 48.  On May 8, 2020, the court ordered Cornel to supplement the record with a copy of the re-take warrant, and requested supplemental briefing.  ECF No. 51.  Both parties filed their supplemental briefing on May 22, 2020.  ECF Nos. 53, 54.

### III.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"  A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'"  *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

Although a plaintiff need not identify the legal theories that are the basis of a pleading, *see Johnson v. City of Shelby, Mississippi*, 574 U.S. 10, 11 (2014) (per curiam), a plaintiff must nonetheless allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This tenet—that the court must accept as true all of the allegations contained in the

complaint—"is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

## IV.  DISCUSSION

Kauahi argues that it is undisputed, based on the allegations of the SAC, that "all [he] did was serve a valid and outstanding warrant of arrest." ECF

8

No. 39-1 at PageID #225.  "He was a duly authorized Deputy Sheriff for the State of Hawaii who served an outstanding parole-retake warrant on the proper person in [a] professional manner."  *Id.*  He argues that merely serving a valid warrant "does not constitute false imprisonment, gross negligence, or an illegal seizure [under the Fourth Amendment]."  *Id.* at PageID #226.  The court first addresses the state law claims for false arrest/false imprisonment and gross negligence, and then addresses Fourth and Fourteenth Amendment claims under 42 U.S.C. § 1983.

## A.    The State Law Claims are Dismissed with Leave to Amend; Kauahi is Protected by a Qualified Privilege

Kauahi argues that the state law claims fail as a matter of law because he has a qualified privilege under Hawaii law, and the SAC fails to allege that he was motivated by malice as necessary to negate such a privilege.  The court agrees.

"Under Hawaii law, it is well established that a nonjudicial government official performing a public duty enjoys the protection of a qualified privilege."  *Kealoha v. Hawaii*, 2006 WL 2052331, at *5 (D. Haw. July 20, 2006) (citing *Towse v. Hawaii*, 64 Haw. 624, 631, 647 P.2d 696, 702 (1982), and *Medeiros v. Kondo*, 55 Haw. 499, 522 P.2d 1269, 1272 (1974)); *see also*, *e.g.*, *Begley v. Cty. of Kauai*, 2018 WL 3638083, at *6 (D. Haw. July 31, 2018) (reiterating and explaining the doctrine).

But this protection is not absolute—the state official effectively waives a qualified privilege if the "official in exercising his authority is motivated by malice, and not by an otherwise proper purpose." *Medeiros*, 55 Haw. at 500-01, 503, 522 P.2d at 1270-71. And so, "[f]or a tort action to lie against a nonjudicial government official, the injured party must *allege* and demonstrate by clear and convincing proof that the official was motivated by malice and not by an otherwise proper purpose." *Edenfield v. Estate of Willets*, 2006 WL 1041724, at *12 (D. Haw. Apr. 14, 2006) (citing *Towse*, 64 Haw. at 631-33, 647 P.2d at 702-03, and *Medeiros*, 55 Haw. at 504-05, 522 P.2d at 1272)) (emphasis added).

In this context, an "actual malice" test applies for state law claims other than defamation. *See, e.g.*, *Bartolome v. Kashimoto*, 2009 WL 1956278, at *1 (D. Haw. June 26, 2009) (citing cases). Under that test, "malicious or improper purpose" is defined in "its ordinary and usual sense." *Awakuni v. Awana*, 115 Haw. 126, 141, 165 P.3d 1027, 1042 (2007). *Awakuni* utilized Black's Law Dictionary definitions of "maliciousness" and "malice": (1) "substantially certain to cause injury and without just cause or excuse"; (2) "the intent, without justification or excuse, to commit a wrongful act, reckless disregard of the law or of a person's legal rights; and (3) "ill will[,] wickedness of heart." *Id.* (citations and editorial marks omitted). And whether an official is *motivated* by malice is a

10

subjective test.  *See, e.g.*, *Edenfield*, 2006 WL 1041724, at *13.  "Although proving subjective motivation by clear and convincing evidence may be a difficult standard . . . to meet, that is the burden that the Hawaii Supreme Court has adopted in its effort to balance competing interests."  *Id.*

Further, this court has adopted the view that even if "malice" is required, the standard does not necessarily preclude application to negligence-based torts.  *See Krizek v. Queens Med. Ctr.*, 2019 WL 3646567, at *7 (D. Haw. Aug. 6, 2019) ("[W]hile the requirement that plaintiffs show actual malice to overcome the 'qualified or conditional privilege' is a significant obstacle, it does not preclude negligence liability in all cases.  In particular, conduct performed with 'reckless disregard of the law or of a person's legal rights' may be negligent, even though negligent conduct often does not involve malice.") (quoting *Long v. Yomes*, 2011 WL 4412847, at *7 (D. Haw. Sept. 20, 2011)).  "A plaintiff can state a negligence claim against a non-judicial official only if the plaintiff has adequately alleged that the official recklessly disregarded the law or the plaintiff's legal rights.  In other words, the plaintiff must allege that the official was motivated by malice and not by an otherwise proper purpose."  *Long*, 2011 WL 4412847, at *8 (citation and internal quotation marks omitted).

Applying those standards, nothing in the SAC alleges that Kauahi was *motivated* by malice or acted maliciously.  Although the SAC generally alleges that "Kauahi lacked probable cause and/or made an unlawful arrest based on an invalid warrant on its face," SAC ¶ 15, ECF No. 17 at PageID #159, nowhere does it allege any facts as to what his motivation was when he served the re-take warrant. It is not enough for these purposes to allege in count four's "gross negligence" claim that "Defendants acted indifferently towards and ha[ve] breached their . . . duties to Plaintiff. . ." *Id.* ¶ 70, ECF No. 17 at PageID #167.  And it is not enough to allege in count five that "at the time the defendants arrested the plaintiff they had no probable cause to believe that the plaintiff had committed a crime and/or that the warrant was valid." *Id.* ¶ 73, ECF No. 17 at Page ID #167.  Nor is it sufficient simply to allege that "Kauahi . . . [is] directly liable and responsible for the unlawful arrest and seizure . . . because [he] . . . knowingly failed to enforce the Constitution of the United States pertaining to the . . . legal duties to not violate the plaintiff's right to be free from unreasonable search and seizures. . . ." *Id.* ¶ 77, ECF No. 17 at PageID #168-69.  *See, e.g.*, *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Accordingly, the court DISMISSES the state law claims for false arrest and gross negligence against Kauahi without prejudice. The court will allow Plaintiff to file a third amended complaint to allege—if she has a legitimate basis to do so—specific facts that plausibly indicate that Kauahi was "motivated by malice and not by an otherwise proper purpose." *Medeiros*, 55 Haw. at 504-05, 522 P.2d at 1272.

## B. Given the SAC's Allegations, it is Inappropriate to Decide the § 1983 Claims at this Rule 12(b)(6) Motion-to-Dismiss Stage

In assessing the federal claims, the SAC presents an unusual posture. Cornel emphasizes the SAC's allegations that her arrest was unlawful because the re-take warrant was "invalid . . . on its face." SAC ¶ 15, ECF No. 17 at PageID #159. And after reviewing the warrant, the court agrees that, in context, the warrant indeed was facially invalid when served. On its face, it states that Cornel's "maximum parole term" ended on "March 15, 2015." That is, her parole had expired before the warrant was served in 2018. Even if it was facially valid when it was *issued* in 2011, it had effectively *become* facially invalid by the time Kauahi served it in 2018. Construing the SAC in the light most favorable to Cornel, the court must assume for purposes of this Motion to Dismiss that Kauahi arrested Cornel knowing that the warrant had expired on its face. *See, e.g.*, *Keates*, 883 F.3d at 1234.

But that does not end the analysis—despite the warrant's facial invalidity, Cornel's arrest might still have been proper.  In seeking dismissal, Kauahi's argument essentially is that, even if the warrant *says* that Cornel's parole ended in 2015, her arrest in 2018 was nevertheless valid because in actuality—and despite what was printed on the warrant—her parole term did *not* end on March 15, 2015.  Instead—as the SAC also pleads—on September 29, 2011, "Cornel's parole was retroactively *suspended* effective March 8, 2011."  SAC ¶ 10, ECF No. 17 at PageID #159 (emphasis added).  It is unclear what exactly is meant by "suspension" of parole.  But Kauahi apparently takes this September 29, 2011 "retroactive suspension" of Cornel's parole (which occurred *after* the warrant had issued on May 23, 2011) to mean that, effective March 8, 2011, Cornel no longer had a parole end date of March 15, 2015.[5]  It was not until June 28, 2018 that the HPA "restored" Cornel's parole to March 15, 2015 by "rescinding" its previous September 29, 2011 decision that suspended her parole.  *Id.* ¶¶ 26-27, ECF No. 17 at PageID #161.

Under this interpretation of the SAC, even if Kauahi served an expired or facially invalid re-take warrant in 2018, Cornel was not illegally arrested—and

---

[5] Under this reading of the SAC, the re-take warrant was invalid for a different reason—it had an incorrect parole end date.  This invalidity, however, was partly a result of the delay in serving the warrant.  If it has been served before September 29, 2011, it would not have invalid.

there would be no constitutional violations—because she had an outstanding parole violation that had never been adjudicated and was thus still subject to arrest.

Kauahi bolsters this interpretation by proffering, in supplemental briefing, a declaration of Edmund Hyun (the chair of the HPA), and a corresponding copy of the June 28, 2018 letter from Hyun to Cornel.  *See* ECF No. 54-1 at PageID #327.  The letter discusses the April 19, 2018 parole hearing, and says that the HPA retroactively "restored" Cornel's parole release date to March 15, 2015.  ECF No. 54-2 at PageID #328.  In turn, it refers to an "[a]ttached . . . Order of Discharge from Parole," *id.*, although a copy of the actual attachment is not provided with Hyun's declaration.  But Kauahi also points to an "Order of Discharge" that was proffered by *Cornel* in Exhibit "A" to her Opposition—an HPA order dated March 15, 2015 that states that Cornel "has served [her] sentence(s) and is released from further parole jurisdiction[.]"  ECF No. 47-2 at PageID #265.  Kauahi asks the court to incorporate Hyun's June 28, 2018 letter into the SAC by reference, and then posits that the March 15, 2015 Order of Discharge in Cornel's Exhibit "A" is the same Order of Discharge referred to in Hyun's letter—all as proof to support Kauahi's theory that Cornel's

15

arrest in February 2018 was valid because she had not actually been discharged from parole in March of 2015.  *See* ECF No. 53 at PageID #300-01.[6]

Cornel, however, disputes Kauahi's reading of the SAC.  Cornel's theory (despite some contradictory allegations in her SAC) is apparently that the re-take warrant is correct (and remained correct) because her parole was actually discharged on March 15, 2015 well before Kauahi served the warrant in 2018. Cornel disputes the proposition that the Order of Discharge dated March 15, 2015 was only issued, or only became effective, retroactively on June 28, 2018.  Under this theory, Kauahi would have had no authority to arrest Cornel in 2018.  *See* ECF No. 53 at PageID #300-01 (arguing that "[t]he date of discharge on the 'Order of Discharge' dated March 15, 2015, mirrors and corroborates the 'Maximum Parole

---

[6] Although the SAC does indeed refer to the June 28, 2018 letter, *see* SAC ¶ 26, ECF No. 17 at PageID #161, it is inappropriate to incorporate the actual letter to supplement the SAC's allegations because Kauahi would be using it—and the truth of its contents—as a defense.  The incorporation-by-reference doctrine only allows a court to incorporate a document "if the [complaint] refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Khoja*, 899 F.3d at 1002 (citation and quotation marks omitted).  But a document cannot be incorporated if it "merely creates a defense to the well-pled allegations in the complaint [because] that document did not necessarily form the basis of the complaint.  Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims."  *Id.* (citations omitted).

Moreover, even if a document is incorporated by reference, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."  *Id.* at 1003.  "This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage."  *Id.* (citations omitted).  That is, "the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim [and] [f]or this same reason, what inferences a court may draw from an incorporated document should also be approached with caution."  *Id.*

Term' on the face of the warrant. . . .  The most logical and plausible

conclusion . . . is that the warrant was invalid by the date of its service on February

2, 2018, years after the Plaintiff's parole had concluded and from which she was

discharged by operation of law and/or order").

Although Kauahi's theory of defense—i.e., that Cornel's arrest was

valid and not unconstitutional—might prove to be correct, it would be improper to

decide in his favor at this motion-to-dismiss stage.  His theory requires

consideration of evidence and an interpretation of the meaning of different factual

allegations and of the proffered exhibits—an analysis that might be considered at a

summary judgment stage, but is inappropriate at this Rule 12(b)(6) stage.

Construing the SAC's allegations in favor of Cornel, and accepting at least the key

factual allegations as true, Cornel has pled "sufficient factual matter . . . to 'state a

claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 570).  At minimum, the court is unable to determine

Cornel's actual parole discharge date, and thus is unable to decide whether she was

arrested *after* she had been discharged from parole.[7]

_____

[7] Because the court is allowing Cornel to file a Third Amended Complaint to address—if
she can—the deficiencies that the court has identified with the state law claims, the court will
also allow Cornel—if she deems it necessary—to clarify any inconsistent factual allegations as a
whole, consistent with Federal Rule of Civil Procedure 8(d)(3) (allowing a party to "state as
many separate claims . . . as it has, regardless of consistency").  For instance, paragraph 12 of the
(continued . . .)

17

And this uncertainty about whether Cornel had been discharged from parole before her arrest precludes the court from dismissing federal claims against Kauahi at this stage (even if he was not motivated by malice under state law). According to Cornel's reading of the SAC, Kauahi arrested Cornel based on a facially invalid warrant and after her parole had expired.

Kauahi also argues that probable cause was not even necessary for him to arrest Cornel and that he did not even need a warrant. *See, e.g.*, *United States v. Butcher*, 926 F.2d 811, 814 (9th Cir. 1991) ("[P]robable cause is not required to arrest a parolee for a violation of parole. Warrantless arrests of parole violators are also valid."). But Kauahi's theory depends on an arrestee actually being on parole when arrested.[8]

---

(. . . continued)

SAC alleging that when the "HPA requested and obtained the Arrest Warrant[,] HPA had no authority to execute the Arrest Warrant as Ms. Cornel had already been discharged by the HPA," appears to be inconsistent with the balance of the SAC. *See, e.g.*, *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) ("Although our pleading rules do not tolerate factual inconsistencies in a complaint, they do permit inconsistencies in legal theories.") (citation omitted).

[8] The HPA issued the re-take warrant under authority of Hawaii Revised Statutes ("HRS") § 353-65, which provides in part:

> The power to retake and reimprison a paroled prisoner is conferred upon the [HPA's] administrative secretary or the administrative secretary's designee, who may issue a warrant authorizing all of the officers named therein to arrest and return to actual custody any paroled prisoner. The superintendent of Hawaii state prison, the chief of police of each county and all police officers of the State or of

(continued . . .)

Moreover, even if Cornel had not been discharged from parole when Kauahi arrested her in 2018—given the seven-year delay in service—the ultimate question for purposes of a Fourth Amendment § 1983 claim would likely be whether her arrest was reasonable, considering all the circumstances.  *See, e.g.*, *Sherman v. U.S. Parole Comm'n*, 502 F.3d 869, 883 (9th Cir. 2007) ("By now it is clear that parole searches and seizures must 'pass muster under the Fourth Amendment test of reasonableness.'") (quoting *Latta v. Fitzharris*, 521 F.2d 246, 248-49 (9th Cir. 1975) (en banc)).  "Under the general Fourth Amendment approach, [courts] assess reasonableness by examining the totality of the

---

(. . . continued)

      any county, and all prison officers *shall execute any such order in like manner as ordinary criminal process*.  (Emphasis added).

      Given the nature of a re-take warrant, the court requested supplemental briefing from the parties as to whether *State of Hawaii v. Owens*, 116 Haw. 172, 172 P.3d 484 (2007) could apply to an HPA re-take warrant.  *Owens* held that Rule 9(c)(3)(i) of the Hawaii Rules of Penal Procedure ("HRPP") requires service of arrest warrants "in both pre-conviction and post-conviction contexts without unnecessary delay."  *Id.* at 173, 172 P.3d at 485.  The requirement in HRS § 353-65 that re-take warrants be executed "in like manner as ordinary criminal process" suggests that *Owens*—and its holding that a post-conviction warrant be executed "without unnecessary delay"—should apply equally to a re-take warrant.  Nevertheless, the court need not decide at this time whether to apply *Owens* because the state law claims have been dismissed without prejudice.  And even if *Owens* did apply, the question whether the re-take warrant was served "without unnecessary delay" under HRPP 9(c)(3)(i) cannot be decided at a motion-to-dismiss stage, and would largely duplicate the question whether Cornel's arrest was "reasonable" under the Fourth Amendment.

circumstances and balancing the intrusion on the individual's privacy against the promotion of legitimate governmental interests." *Id.*[9]

Answering this question cannot be made at a motion-to-dismiss stage, given the SAC's allegations. *See, e.g.*, SAC ¶ 21, ECF No. 17 at PageID #160 (alleging that Cornel "was available for service while the [re-take] Warrant was outstanding, and Ms. Cornel did not engage in any behavior that could be considered an intentional avoidance of service."). Likewise, it is premature to address a § 1983 due process claim. Assessing whatever process was due would depend on whether Cornel had been discharged from parole when Kauahi arrested her.

## V.  <u>CONCLUSION</u>

For the foregoing reasons, Defendant Dexter Kauahi's Second Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 39, is GRANTED in

---

[9] For that reason, it is also premature to address Kauahi's claim of qualified immunity under federal law. *See Keates*, 883 F.3d at 1234 ("Determining claims of qualified immunity at the motion-to-dismiss stage raises special problems for legal decision making.") (citation omitted). "If the operative complaint 'contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right,' then plaintiffs are 'entitled to go forward' with their claims." *Id.* at 1235 (quoting *Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 872 (9th Cir. 1992)). But even if Kauahi is not entitled to qualified immunity now, he could still be entitled to qualified immunity at summary judgment. *See id.* ("[A] decision at the motion-to-dismiss stage sheds little light on whether the government actors might ultimately be entitled to qualified immunity 'were the case permitted to proceed, at least to the summary judgment stage' and the court is presented with facts providing context for the challenged actions.") (quoting *Kwai Fun Wong v. United States*, 373 F.3d 952, 957 (9th Cir. 2004)).

Part and DENIED in Part.  The state law claims alleging false arrest/imprisonment and gross negligence against Kauahi are DISMISSED without prejudice.  The Motion to Dismiss, however, is DENIED as to the federal claims against Kauahi under 42 U.S.C. § 1983.  By **July 8, 2020**, Cornel may file a Third Amended Complaint addressing, if possible, the deficiencies identified in this Order as to the state law claims, and—if Cornel desires—clarifying factual inconsistencies as a whole.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 17, 2020.



 /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Cornel v. Hawaii et al.*, Civ. No. 19-00236 JMS-RT, Order Granting in Part and Denying in Part Defendant Dexter Kauahi's Second Motion to Dismiss

21